IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SAUL ERNESTO LEIVA,<br><br>                Petitioner,<br><br>vs.<br><br>DOUGLAS COUNTY DEPARTMENT OF CORRECTIONS,<br><br>                Respondent. | **8:22CV242**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on initial review of Petitioner Saul Ernest Leiva's ("Leiva") Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.[1] Filing No. 8. The Court conducts this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the Court to apply Rule 4 of those rules to a section 2241 action. For the reasons discussed below, the Court will dismiss Leiva's amended petition without prejudice.

At the time he filed his amended petition on October 3, 2022, Leiva was a state pretrial detainee confined in the Douglas County Department of Corrections in Omaha, Nebraska. According to Leiva's state court records, available to this Court online,[2] Leiva entered a plea of no contest to one count of attempted distribution, possession with intent to distribute, manufacture, or delivery of amphetamine/methamphetamine under 10

---

[1] Leiva filed his original petition on July 5, 2022, followed by what the Court docketed as a supplement on July 26, 2022. Filing No. 1; Filing No. 7. He filed his amended petition on October 3, 2022. Filing No. 8. As the amended petition consists of a complete Form AO 242 Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, the Court will consider the amended petition as the operative pleading and as superseding Leiva's previous pleadings.

[2] Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

grams, a Class IIA felony, on October 27, 2022, and the State dismissed the second count of the amended information charging possession of a controlled substance, a Class IV felony. On November 9, 2022, the District Court of Douglas County, Nebraska sentenced Leiva to 5 to 7 years' imprisonment with credit for 314 days served, to be served consecutively to Leiva's sentence in another case. The Court takes judicial notice of the state court records related to this case in *State v. Leiva*, No. CR22-1047, District Court of Douglas County, Nebraska. See *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

Condensed and summarized, Leiva alleges violations of his Fifth, Sixth, and Fourteenth Amendment rights based on (1) a speedy trial violation, (2) his reservation of rights as "a man of flesh and blood on the land with unalaineble [sic] rights endowed by the creator," and (3) lack of jurisdiction due to the state district court's alleged failure to "bring forth the contract" or "produce the affidavit of the injured party." Filing No. 8 at 6–7.

Because Leiva has now been convicted, his challenge to his pretrial detention is moot. See *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) ("Once Mr. Jackson was convicted, the claims concerning his pre-trial confinement became moot."); *Williams v. Slater*, 317 Fed.Appx. 723, 724–25 (10th Cir. 2008); *Yohey v. Collins*, 985 F.2d 222, 228–29 (5th Cir. 1993) ("[C]laims for federal habeas relief for pretrial issues are mooted by Yohey's subsequent conviction."); *Thorne v. Warden, Brooklyn House of Detention for Men*, 479 F.2d 297, 299 (2d Cir. 1973); *Medina v. California*, 429 F.2d 1392, 1393 (9th Cir. 1970).

To be clear, the arguments that Leiva makes in challenging the lawfulness of his pretrial detention are also arguments that Leiva may make in challenging the lawfulness of his conviction.[3]  The Court is dismissing Leiva's § 2241 petition without prejudice for lack of jurisdiction and makes no findings regarding the merits of Leiva's claims.  Thus, the dismissal of this case will not preclude Leiva from reasserting his claims in a habeas petition filed pursuant to 28 U.S.C. § 2254[4] after proper exhaustion of his claims in state court.  See 28 U.S.C. § 2254(b)(1).

Because "the detention complained of arises from process issued by a state court," Leiva must obtain a certificate of appealability.  See 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); see also *Hoffler v. Bezio*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability).  The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).  The Court has applied the appropriate standard and determined that Leiva is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1.  The amended petition for writ of habeas corpus, Filing No. 8, is dismissed without prejudice.  No certificate of appealability has been or will be issued.

2.  The Court will enter judgment by separate document.

---

[3] Leiva's state court records indicate that he has not filed an appeal or any other postconviction motion.

[4] Section 2254 confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

3. The Clerk of Court is directed to send a copy of this Memorandum and Order and the accompanying Judgment to Petitioner at the address on file with the Court and also at the following address: Saul Ernesto Leiva, 215769, Reception and Treatment Center, PO Box 22800, Lincoln, Nebraska 68542-2800.

Dated this 30th day of December, 2022.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge